UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA



DENNIS McGOFF, et. al.,                    :

                Plaintiffs    :    No. 74-1229

          v.                                       :

THOMAS RAMPONE, et. al.              :

               Defendants   :

**FILED**

**OCT 1 2 2017**

KATE BARKMAN, Clerk
By_____ Dep. Clerk

## <u>DEFENDANTS' MOTION TO TERMINATE AMENDED CONSENT DECREE</u>

Defendants, John Hosier, James Shields, William H. Clinger, III, Thomas Danzi, Edward T. Lawler, Jr., Esquire, by and through their attorneys Robert M. DiOrio and Matthew H. Fry, hereby files this Motion to Terminate the Amended Consent decree in this matter dated July 21, 1978 and in support thereof avers as follows:

1. This Motion, filed by the current members of the Delaware County Board of Prison Inspectors, hereby seeks to terminate the Amended Consent Decree dated July 21, 1978 issued in this matter to regulate contact visitation at the Delaware County Prison, now known as the George W. Hill Correctional Facility.

2. This matter was filed on May 15, 1974 by certain inmates of the Delaware County Prison, now known as the George W. Hill Correctional Facility (hereinafter referred to as "Prison"). *See* Court Docket attached hereto as Exhibit A.

3. The matter involved constitutional claims affecting contact visitation of inmates at the Prison.

4. In this litigation, there was an agreement and stipulation, a proposed modification of the agreement, a consent decree, and an unsuccessful attempt to modify the consent decree, which is outlined in the Court's opinion of *McGoff v. Rapone*, 78 F.R.D. 8 (E.D. Pa. 1978).

5.     After the Court's refusal to modify the consent decree, the parties reached an Amended Consent Decree, which was entered of record on July 21, 1978, and remains in effect to the present day. *See* Amended Consent Decree attached hereto as Exhibit B.

6.     On April 26, 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), which provides for the immediate termination of the prospective relief in certain federal actions concerning prison conditions. *See* generally, Title 18 U.S.C. § 3626(b).

7.     The PLRA provides that prospective relief, which was granted prior to the enactment of the Statute, is terminable upon the Motion of any party two years after the date of the PLRA's enactment. *See*, Title 18 U.S.C. § 3626(b)(1)(iii).

8.     The PLRA was signed into law on April 26, 1996, thus permitting this Court to consider the Defendants' Motion to Terminate at this time.

9.     Congress enacted the Statute "to relieve states of the onerous burden of complying with consent decrees that often reach far beyond the dictates of federal law." *Plyler v. Moore*, 100 F.3d 365, 370 (4th Cir. 1996), cert. denied, 520 U.S. 1277, 117 S. Ct. 2460, 138 L. Ed. 2d 217 (1997); *see also, Inmates of Suffolk Co. Jail v. Rouse*, 129 F.3d 649, 655 (1st Cir. 1997), *cert. denied*, 524 U.S. 951, 141 L. Ed. 2d 735, 118 S. Ct. 2366 (1998) (Congress intended to truncate the Federal Judiciary's involvement in day-to-day prison administration).

10.    The PLRA expressly identifies consent decrees as one of the forms of prospective relief that are covered by its provisions. See, Title 18 U.S.C. § 3626(g)(9).

11.    "A consent decree" means "any relief entered by the court that is based in whole or in part upon the consent or acquiescence of the parties but does not include private settlements." Title 18 U.S.C. § 3626(g)(7).

3

12.    In 1978, at the time the parties entered into the Amended Consent Decree, the issuing Court did not make the findings expressly required by § 3626(b)(2).

13.    Given the unequivocal fact that the Consent Decree does not contain the findings required by the PLRA, the first element of the analytical framework has been fully satisfied, per § 3626(b)(2)..

14.    The 39-year history of the Consent Decree reveals that, at no time have the Defendants violated the Amended Consent Decree.

15.    The record before this Honorable Court contains no evidence of any current and ongoing violation of a Federal right, since any limits or prohibition on contact visits have since been held by the Supreme Court as not violating the constitution.

16.    Accordingly, Amended Consent Decree should be terminated, effective immediately.

WHEREFORE, Defendants respectfully request this Honorable Court to terminate the Amended Consent Decree entered on July 21, 1978.

Respectfully submitted,

DiORIO & SEREN LLP

Date: October 11, 2017              BY:

ROBERT M. DIORIO, ESQ.
Attorney ID No. 17838

MATTHEW H. FRY, ESQ.
Attorney ID No. 83131
21 West Front Street
P.O. Box 1789
Media, PA 19063
(610) 565-5700 (telephone)
(610) 891-0652 (facsimile)

4

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

DENNIS McGOFF, et. al.,                    :
                            Plaintiffs     :    No. 74-1229
            v.                             :
THOMAS RAMPONE, et. al.                    :
                            Defendants     :

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO TERMINATE AMENDED CONSENT DECREE

Defendants, John Hosier, James Shields, William H. Clinger, III, Thomas Danzi, Edward T. Lawler, Jr., Esquire, by and through their attorneys Robert M. DiOrio and Matthew H. Fry, hereby submit this Memorandum of Law in support of their Motion to Terminate the Amended Consent decree in this matter dated July 21, 1978 and in support thereof avers as follows.

## I.    INTRODUCTION AND STATEMENT OF MATERIAL FACTS

This Motion is being filed by the current members of the Delaware County Board of Prison Inspectors to terminate the Amended Consent decree in this matter dated July 21, 1978.

This matter was filed on May 15, 1974 by inmates of the Delaware County Prison, now known as the George W. Hill Correctional Facility (hereinafter referred to as "Prison"). *See* Court Docket attached hereto as Exhibit A. The matter involved constitutional claims affecting contact visitation of inmates at the Prison.

In this litigation, there was an agreement and stipulation, a proposed modification of the agreement, a consent decree, and an unsuccessful attempt to modify the consent decree, which is outlined in detail in the Court's opinion of *McGoff v. Rapone*, 78 F.R.D. 8 (E.D. Pa. 1978).

1

After the Court's refusal to modify the consent decree, the parties reached an Amended Consent Decree, which was entered of record on July 21, 1978, and remains in effect to the present day. *See* Amended Consent Decree attached hereto as Exhibit B.

The Amended Consent Decree provides as follows:

(a) Specific visitation times required for contact visits;

(b) guarantee one hour of contact visitation per visitation period;

(c) denial of contact visitation should not be used as a disciplinary measure;

(d) contact visits may only be terminate "for cause" at the time of the violation;

(e) The Warden may only limit for security purposes an inmate's contact visitation for a maximum of three visitation periods.

*See* Exhibit B.

On April 26, 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), which provides for the immediate termination of the prospective relief in certain Federal actions concerning prison conditions. *See* generally, Title 18 U.S.C. § 3626(b). Defendants seek to terminate the Amended Consent Decree under the provisons of the PLRA.

## II.   STANDARD OF REVIEW

Congress enacted the Prison Litigation Reform Act ("PLRA"), which provides for the immediate termination of the prospective relief in certain Federal actions concerning prison conditions. *See* generally, Title 18 U.S.C. § 3626(b). The PLRA provides that prospective relief, which was granted prior to the enactment of the Statute, is terminable upon the Motion of any party two years after the date of the PLRA's enactment. *See*, Title 18 U.S.C. § 3626(b)(1)(iii). The PLRA was signed into law on April 26, 1996, thus permitting this Court to consider the Defendants' Motion to Terminate at this time.

2

Congress enacted the Statute "to relieve states of the onerous burden of complying with consent decrees that often reach far beyond the dictates of federal law." *Plyler v. Moore*, 100 F.3d 365, 370 (4th Cir. 1996), cert. denied, 520 U.S.1277, 117 S. Ct. 2460, 138 L. Ed. 2d 217 (1997); *see also, Inmates of Suffolk Co. Jail v. Rouse*, 129 F.3d 649, 655 (1st Cir. 1997), cert. denied, 524 U.S. 951, 141 L. Ed. 2d 735, 118 S. Ct. 2366 (1998) (Congress intended to truncate the Federal Judiciary's involvement in day-to-day prison administration).

Section 3626(b)(1) of the PLRA provides as follows:

> In any civil action with respect to prison conditions in which prospective relief is ordered, such relief shall be terminable upon motion of any party or intervener *** in the case of an order issued on or before the date of enactment of the Prison Litigation Reform Act, 2 years after such date of enactment.

Title 18 U.S.C. § 3626(b)(1).

In addition, Section 3626(b)(2) provides:

> In any civil action with respect to prison conditions, a Defendant or intervener shall be entitled to the immediate termination of any prospective relief if the relief was approved or granted in the absence of a finding by the court that the relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violations of the Federal right.

Title 18 U.S.C. § 3626(b)(1).

Finally the PLRA provides that a Motion to terminate prospective relief, which is filed pursuant to Section 3626(b)(1) or (b)(2), "shall operate as a stay during the period beginning on the 30th day after such motion is filed." Title 18 U.S.C. § 3626(3)(2)(A)(i). A Court may postpone the effective date of the stay, in its discretion, for a period of 60 days. *See*, Title 18 U.S.C. § 3626(e)(3).

The PLRA expressly identifies consent decrees as one of the forms of prospective relief that are covered by its provisions. *See*, Title 18 U.S.C. §3626(g)(9). "A consent decree" means "any relief entered by the court that is based in whole or in part upon the consent or acquiescence of the parties but does not include private settlements." Title 18 U.S.C. § 3626(g)(7). The Third Circuit, joining the First, Second, Fourth, Sixth, Eighth and Eleventh Circuits, has concluded that the immediate termination provisions of the PLRA are constitutional. See, *Imprisoned Citizens Union v. Prasse*, 169 F.3d 178 (3rd Cir. 1999) (rejecting a separation of powers claims and holding that the PLRA does not unconstitutionally impinge on a Federal Court's ability to remedy constitutional violations). Of course, the legal determinations of the United States Court of Appeals for the Third Circuit, including its holding that the PLRA's termination provisions are constitutional, are binding upon this Honorable Court.

## III.   **ARGUMENT**

### A.   **The Law of the Third Circuit Supports Termination of Consent Decrees Under The PLRA.**

In the case of *Imprisoned Citizens Union v. Shapp*, 11 F.Supp.2d 586 (1998), the Eastern District terminated a consent decree that covered various Pennsylvania State Correctional Institutions following the new standard for terminating such decrees under the PLRA. The consent decrees were for various issues involving prison conditions, which included rights to visitation. *Id.* at 591. The Court, in finding that the PLRA was constitutional, terminated the consent decree, which was later affirmed on appeal to the Third Circuit in the case of *Imprisoned Citizens Union v. Ridge*, 169 F.3d 178 (3rd Cir. 1999).

This law has also been applied to terminate consent decrees against county correctional facilities. In *Vazquez v. Carver*, 18 F. Supp. 2d 503 (E.D. Pa. June 19, 1998), the Defendants

4

successfully filed a motion to declare a consent decree terminated. This case began in 1986, when Plaintiffs, on behalf of all present and future inmates of (since-demolished) Lehigh County Prison ("Old LCP"), filed suit pursuant to 42 U.S.C. § 1983, alleging that the conditions of their confinement violated the Eighth and Fourteenth Amendments. Plaintiffs' primary goal was to eliminate overcrowding and related problems at Old LCP. Plaintiffs sought injunctive relief in the form of, *inter alia*, a population cap at Old LCP. Although the conditions at Old LCP troubled Judge Huyett, he found no constitutional violation. *See Vazquez v. Carver*, 1987 U.S. Dist. LEXIS 6828 (E.D. Pa. July 27, 1987) ("Vazquez I"). Judge Huyett therefore denied injunctive relief, although he suggested a more fully-developed record might show that Plaintiffs were entitled to such relief. Over two years later, Plaintiffs renewed their motion for injunctive relief. Finding that conditions at Old LCP had worsened and now violated the Eighth and Fourteenth Amendments, Judge Huyett issued an injunction that capped the population at Old LCP and gave Defendants forty-five days to comply. *See Vazquez v. Carver*, 729 F. Supp. 1063 (E.D. Pa. 1989) ("Vazquez II"). Judge Huyett held that the injunction would cure the constitutional violations which presently exist at Old LCP. The injunction was to remain in effect until the court held a final hearing on the merits, or approved the consent decree that the parties had recently submitted to the court, whichever came first. On May 4, 1990, the court approved the consent decree, effectively ending the injunction and settling the litigation.

The Defendants in *Vazquez*, who sought immediate termination of the consent decree, advanced four arguments, one of which is relevant to the instant case. The Defendants argued that the court should terminate the consent decree pursuant to 18 U.S.C. § 3626(b)(2) (West 1985 & Supp. 1998) (the "termination provision"), as amended by the

5

Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321-66 to 76

(1996).   Section 802(a) of the PLRA amended 18 U.S.C. § 3626 to read, in relevant part:

    **(b)**    **Termination of Relief. –**

        **(2)**    **Immediate termination of prospective relief. –** In any civil action with respect to prison conditions, a defendant or intervener shall   be entitled   to   the   immediate termination of any prospective relief if the relief   was approved   or   granted   in   the absence of a finding by the court that the relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the last intrusive means necessary to correct the violation of the Federal right.

        **(3)**    **Limitation. –** Prospective relief shall not terminate if the court makes written findings based on the record that prospective relief remains necessary to correct a current and ongoing violation of the Federal right, extends no further than necessary to correct the violation of the Federal right and that the prospective relief is narrowly drawn and the least intrusive means to correct the violation.

    **(g)**    **Definitions. –** As used in this section –

        **(1)**    the term "consent decree" means any relief entered by the court that is based in whole or in part upon the consent or acquiescence of the parties but does not include private settlements;

            …

        **(7)**    the term "prospective relief" means all relief other than compensatory monetary damages; [and]

            …

        **(9)**    the term "relief" means all relief in any form that may be granted or approved by the court, and includes consent decrees but does not include private settlement agreements.

*Id.* Furthermore, §802(b) of the PLRA provides that "Section 3626 of Title 18, United States Code, as amended by this section, shall apply with respect to all prospective relief whether such relief was originally granted or approved before, on or after the date of the enactment of this title [April 26, 1996]."

The Defendants argued that they were entitled to the immediate termination of the Consent Decree pursuant to the termination provision, §3626(b)(2). In support of this argument, the Defendants claimed that: (1) the termination provision applies to prospective relief; (2) pursuant to § 3626(g), "prospective relief" includes consent decrees in their entirety; (3) the court approved the consent decree without making the findings described in the termination provision; and (4) the record before the court contained no evidence of a current and ongoing violation of a federal right at the new Lehigh County Prison ("New LCP"). *Vazquez*, 18 F. Supp. 2d at 509.

The Court in *Vazquez* found that the termination provision was both applicable and constitutional. *Id.* at 513. The Court noted that it had to determine what effect, if any, the termination provision had on the consent decree. *Id.* As a threshold matter, the Court found that Judge Huyett approved the consent decree without making the findings described in the termination provision. *Id.* Even if Judge Huyett had found that the conditions at Old LCP violated Plaintiffs' constitutional rights at the time he approved the consent decree, it was clear to the Court that Judge Huyett did not *also* find, at that time, that prospective relief (which includes the consent decree):

> is narrowly drawn, extends no further than necessary to correct
> the violation of the Federal right, and is the least intrusive means
> necessary to correct the violation of the Federal right.

*Id., citing* 18 U.S.C. § 3626(b)(2).

7

Thus, pursuant to the termination provision, the Court noted that Defendants would be entitled to the immediate termination of the consent decree, unless the Court found that, based on the record, prospective relief (which includes the consent decree).

> Remains necessary to correct a current and ongoing violation of the Federal right, extends no further than necessary to correct the violation of the Federal right, and
> … is narrowly drawn and the least intrusive means to correct the violation.

*Vazquez*, 18 F. Supp. 2d at 513, citing 18 U.S.C. § 3626(b)(3).

The record before the Eastern District contained no evidence of a current and ongoing violation of the consent decree, let alone a violation of a federal right.    *Vazquez*, 18 F. Supp. 2d at 513.    Although Plaintiffs suggested at oral argument that further investigation might uncover a violation of the consent decree, they conceded that such a violation would fall short of implicating Plaintiffs' federal rights.    Therefore, the Court found that it cannot make the findings described in § 3626(b)(3). *Vazquez*, 18 F. Supp. 2d at 513.

The Plaintiff further warned that, if the court terminated the consent decree, Defendants might rescind some or all of the policies and procedures previously put in effect under the consent decree.  The Court noted that this statement, although true, did not affect the operation of § 3626, which contained no requirement that Defendants promised to maintain the status quo if the court terminates the consent decree. *Vazquez*, 18 F. Supp. 2d at 513. Moreover, should Plaintiffs' fears be realized, the Court noted that the Plaintiffs may then commence a new action to address any post-termination violation of their federal rights at New LCP.  *Id., citing Inmates of Suffolk County Jail v. Rouse*, 129 F.3d 649, 662 (1st Cir. 1997).

The *Vazquez* Court granted Defendants' Motion and terminated the consent decree, effectively immediately.  *Vazquez*, 18 F. Supp. 2d at 513.  The Court emphasized that it

8

will terminate the consent decree, as opposed to vacating it. *Id., citing Inmates of Suffolk County Jail v. Rouse*, 129 F.3d 649, 662 (1st Cir. 1997).

Based on the rationale in *Vazquez*, the underlying Amended Consent Decree should immediately be terminated. Consistent with the requirements of the PLRA, to be subject to termination, the Amended Consent Decree must satisfy two criteria. First, it must not contain the required finding that it "extends no further," and is the "least intrusive means necessary" … "to correct the violation of a Federal right." U.S.C. § 3626(b)(3). Second, there must be no "current and ongoing" violations of Federal rights to which the Decree may be applied. *Id.*

**B.    The Amended Consent Decree Was Entered Into Without A Finding By The Issuing Court That It Was "Narrowly Drawn," Extending No Further Than Necessary To Correct The Violation Of A Federal Right, And Is The Least Intrusive Means Necessary To Correct The Violation Of A Federal Right.**

In neither the original 1976 Consent Decree nor the Amended 1978 Consent Decree, did the issuing Court make any findings expressly required by §3626(b)(2). In fact, the Court made no findings whatsoever. The Amended Consent Decree suggests that the issue before the Court was a dispute regarding contact visitation at the Prison as noted by the language on the first page of the Amended Consent Decree, and that this was an agreement worked out by the parties without Court intervention:

> This Decree embodies a settlement by and between the parties
> hereto of a dispute concerning contact visitation at the Delaware
> County Prison.

*See* Amended Consent Decree, page 1 Exhibit B. Given the unequivocal fact that the Amended Consent Decree does not contain the findings required by the PLRA, the first element of the analytical framework has been fully satisfied.

9

**C.**    **There Is No Current And Ongoing Violation Of A Federal Right At The Prison.**

The 39-year history of the Amended Consent Decree reveals that, at no time have the Defendants been found to have violated the Amended Consent Decree, and have never been accused in any court filing of having violated it.  There are no known actions involving an alleged violation of the contact visitation consent decree, and in fact the decree has provided contact visitation rights which are well above the constitutional minimum for visitation rights provided to inmates.

The term "Federal right," as used in § 3626(b)(2) does not include rights covered by consent decrees providing greater relief than that required by federal law.  *See Plyler v. Moore,* 100 F.3d 365, 370 (4th Cir. 1996).  This interpretation is consistent with the congressional intent of the PLRA and does not raise constitutional concerns.  *Id.*

The Amended Consent Decree only applies to contact visitation rights of the inmates which even if terminated, could not violate any constitutional rights of Delaware County Prison inmates.    Under the law that has developed since the enactment of the Amended Consent Decree, there is no constitutional right to a contact visits by inmates and thus the termination of the Amended Consent decree would not violate any constitutional rights.  The Supreme Court has held that contact visitation is not a constitutional right under the Due Process clause.  *See Ky. Dep't of Corr. v. Thompson,* 490 U.S. 454, 460, 109 S.Ct. 1904, 104 L.Ed.2d 506 (1989) (rejecting any notion that "unfettered visitation is guaranteed directly by the Due Process Clause"); *Block v. Rutherford,* 468 U.S. 576, 588, 104 S.Ct. 3227, 82 L.Ed.2d 438 (1984) (upholding a blanket prohibition on contact visits to pretrial detainees because it was an "entirely reasonable, nonpunitive response" to legitimate security concerns).

10

The Supreme Court has also held that a ban on contact visitation does not violate the Eighth Amendment. *Overton v. Bazzetta,* 539 U.S. 126, 137, 123 S.Ct. 2162, 156 L.Ed.2d 162 (2003) (The Supreme Court upheld regulations limiting the number and type of persons who could visit prisoners and those prisoners were already restricted to non-contact visitation.).

The record before this Honorable Court contains no evidence of any current and ongoing violation of a Federal right. Further, a termination of this Amended Consent decree, which only applies to contact visits, could not violate any known Federal rights since limiting or precluding contact visits does not violate the constitution. Accordingly, the Defendants respectfully request that this Honorable Court grant Defendants' Motion to Terminate the Amended Consent Decree in this matter, effective immediately.

Respectfully submitted,

DiORIO & SERENI LLP

Date: October 11, 2017               BY:   _____

ROBERT M. DIORIO, ESQ.
Attorney ID No. 17838

MATTHEW H. FRY, ESQ.
Attorney ID No. 83131
21 West Front Street
P.O. Box 1789
Media, PA 19063
(610) 565-5700 (telephone)
(610) 891-0652 (facsimile)

11

# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

DENNIS McGOFF, et. al.,                 :

         Plaintiffs       :              No. 74-1229

       v.                              :

THOMAS RAMPONE, et. al.                 :

         Defendants      :

## CERTIFICATE OF SERVICE

I do hereby certify that on October 11, 2017, I served a true and correct copy of the foregoing

Motion to Terminate Amended Consent Decree upon all other parties in this action via the First Class

Regular Mail as follows:

        Angus Love, Esquire
        Pennsylvania Institutional Law
        718 Arch Street
        Suite #304
        Philadelphia, PA 19106

Respectfully submitted,

DiORIO & SERENI LLP

Date: October 11, 2017          BY:

**ROBERT M. DIORIO, ESQ.**
Attorney ID No. 17838

**MATTHEW H. FRY, ESQ.**
Attorney ID No. 83131
21 West Front Street
P.O. Box 1789
Media, PA 19063
(610) 565-5700 (telephone)
(610) 891-0652 (facsimile)

CIVIL DOCKET

UNITED STATES DISTRICT COURT

EB

Jury demand date:

Microfiche

D. C. Form No. 104A Rev.

#74-1229

| TITLE OF CASE | ATTORNEYS |
|---|---|

For plaintiff:  Margaret A. Lenzi

*AMENDED (2) CAPTION*

Donald Williams
   and
Marion Tillery

ty Legal Assistance
n, Inc.
reets — P.O. Box 295
023

Dennis, McGoff; Greg Aponaewicz; George Wood; Hubert Dixon
   v.  Thomas Tucker, Samuel L/ Davis, Frank Metzger
       Richard Townes
Intervening plffs.

co-counsel        (#89)
Legal Asst. Assoc., Inc.

Gerard T. Frey, Superintendent
   and
William Moser, Pres., Del. Co. Bd. of Prison Inspectors
Sarah Brock, Member, Del. Co. Bd. of Prison Inspectors
Walter Swortz, Jr., Member, Del. Co. Bd. of Prison
                                             Inspectors
Richard Rex, Member, Del. Co. Bd. of Prison Inspectors
Philip T. Gibbs, Member, Del. Co. Bd. of Prison Inspectors

19013

.shman, Esq.
istance Project

Legal Aid Bureau, Inc.
341 N. Calvert St., Baltimore, Md
   for Intervening plffs.     21202
For defendant:

Robert Plotkin, Esq.
Natl. Legal Aid & Defenders Assoc.
1601 Conn. Ave., N.W.    #777
Washington D.C. 20009

Charles H. Hinkson, Esq.
19 W. 15th Street
Chester, Penna. 19013

Reopened 4/77

| STATISTICAL RECORD | COSTS | | DATE | NAME OR RECEIPT NO. | REC. | DISB. |
|---|---|---|---|---|---|---|
| U.S. 5 mailed | Clerk Forma Pauperis | | | | | |
| U.S. 6 mailed | Marshal | | | | | |
| Basis of Action: | Docket fee | | | | | |
| Civil Rights | Witness fees | | | | | |
| Action arose at: | Depositions | | | | | |

EXHIBIT
A

Microfiche

74-1229

EPI NI—1-8-72-100B-7199

| DATE 1974 | | PROCEEDINGS | Date Orde Judgment I |
|---|---|---|---|
| 1 | May 15 | Petition to proceed in forma pauperis, filed. | |
| (1) | " 15 | Order GRANTING petition to proceed in forma pauperis, filed. | EB |
| 2 | " 15 | Complaint filed. | |
| | " 15 | Summons exit | |
| 3 | " 15 | Motion for appointment of process servers and ORDER GRANTING motion that Daniel W. Shoemaker, Jr. and John J. Furey serve complaint and summons, filed. | EB |
| 4 | " 15 | Plff's. motion for temporary restraining order, with certificate of notice, filed. | |
| 5 | " 15 | Plff's. affidavit in support of motion for temporary restraining order and preliminary injunction, filed. | |
| 6 | " 15 | Memorandum of law in support of motion for temporary restraining order, filed. | |
| 7 | " 15 | Motion for repliminary injunction, filed. | |
| 8 | " 15 | Order DENYING plff's. motion for temporary restraining order; that joint final pretrial order be filed by 5/29/74; fixing pre-trial conference for 5/30/74; fixing hearing on prelim. inj. for 6/3/74 at 9:30 a.m., and trial briefs to be filed by 5/31/74 etc., filed. entr. 5/16/74-cys. mailed 5/15/74 | EB |
| 9 | " 22 | Summons returned "on 5/16/74 served Wm. Jones and Wm. Moser with affidavit of service of Daniel W. Shoemaker, Jr." and "on 5/17/74 served Mrs. Walter Swartz, Jr. with affidavit of service of John J. Furey" filed. | |
| 10 | " 22 | Appearance of Robert Plotkin, Esq. for plffs/., filed. | |
| 11 | " 29 | Final Pretrial Order, filed. | |
| 12 | " 30 | Application of Robert Plotkin, Esq. to actively participate in these proceedings with certificate of service, filed. | |
| 13 | Jun. 4 | Stipulation and Order approving same and Dismissing this action filed. | EB |
| 14 | Oct. 4 | Ltr. from Charles H. Hinkson, Esq. re Visitations at Delaware County Prison, filed. | |
| | 1975 | | |
| 15 | Sep. 24 | Petition to modify stipulation and Order fixing hearing on Rule to Show cause said rule returnable at 11:30 a.m., on Mon. 10/6/75, filed. entr. & cys. mailed 9/25/75 | " |
| 16 | Oct. 6 | Plff's. first request for production of documents, filed. | |
| 17 | " 6 | Plff's. first set of interrogs., filed. | |
| 18 | " 6 | Plff's. motion to dismiss petition and rule to modify stipulation or in the alternative answer to said petition and rule and cross motion to show cause, filed. | |
| | 1976 | | |
| 19 | Jan. 15 | Plff's. memorandum of law in support of motion to dismiss, filed. | |
| 20 | Mar. 25 | Plff's. suppl. memorandum of law in support of motion to dismiss, filed. | |
| 21 | " 29 | Defts'. memorandum of law, filed. | |
| 22 | Apr. 5 | Defts'. answers to plff's. first set of interrogs., filed. | |
| 23 | " 15 | Plff's. request for admissions, filed. | |

Microfiche

*EB*  Microfiche

CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | DEFENDANT | DOCKET NO. 74-1229 |
|---|---|---|
| STANLEY | WALKER, Warden et al | PAGE 2 OF _____ PAGES |

| DATE | NR. | PROCEEDINGS | |
|---|---|---|---|
| **1976** | | | |
| 24 Apr. | 15 | Deposition of Leon J. Hasin, filed. | |
| 25 " | 15 | Non-jury trial - witnesses sworn 4/14/76, filed. | EB |
| 26 " | 15 | Trial resumes, filed. | " |
| 27 " | 26 | Defts'. answers to request for admissions, filed. | |
| 28 Jun | 4 | Order to produce Donald Williams for hearing on 6/7/76, filed. (2 cc to Marshal) | " |
| 29 " | 4 | Order to produce Marion Tillery for hearing on 6/7/76, filed. (2 cc to Marshal) | " |
| 30 " | 8 | Hearing - witnesses sworn, filed. | " |
| 31 " | 9 | Order dtd. 6/7/76 amending caption, that stipulation entered into on 6/4/74 be considered a consent decree by agreement and the plffs'. motion to dismiss defts. petition to modify stipulation (consent decree) is hereby DENIED, filed. entr. & cys. mailed 6/10/76 | " |
| 32 " | 9 | Hearing resumes 6/8/76, filed. | " |
| 33 " | 10 | Hearing resumes 6/9/76, filed. | " |
| 34 " | 22 | Hearing resumes 6/21/76, ClAoW., filed. | " |
| 35 " | 26 | Order dtd. 7/23/76 that the Court's Order signed 6/7/76 and filed 6/9/76 is VACATED; the rule to show cause entered 9/24/75 is VACATED and deft's. petition to modify stipulation filed 9/24/75 is DISMISSED for want of a live case or controversy, filed. entr. & cys. mailed 7/27/76. | " |
| 36 Jul | 28 | Transcript of 7/23/76, filed. | |
| 37 Aug | 6 | Respondent's answer to Motion for contempt and interim Stay or in alternative for Stay pending appeal, filed. | |
| 38 " | 9 | Plffs' Motion for Contempt and Interim Stay or in alternative Motion for Stay pending appeal, if contempt is denied, Memorandum of Law in support of, Notice thereof, and Certificate of Service, filed. | |
| 39 " | 13 | ORDER that the motion of Luke M. Dowdy and John A. Pandola, that defts be held in contempt of Court and that they be stayed from takin any unilateral extra judicial action restricting, reducing or otherwise modifying the stipulation entered in this action on 6-4-75, etc. is DENIED, filed. 8-16-76 entered and copies mailed. | EB |
| 40 " | 13 | Plff's notice of appeal re: order of 7-23-76 vacating this Court's order signed 6-7-76; vacating rule to show cause entered on 9-24-75 and dismissing the defts' petition to modify the stipulation, etc., filed. | |
| 41 " | 13 | Copy of Clerk's Notice of Appeal to USCA, filed. | |
| 42 " | 13 | Plff's notice of appeal re: Order dated 8-13-76, filed. | |
| 43 " | 13 | Copy of Clerk's Notice of appeal to USCA, filed. | |
| 44 " | 16 | Cert. copy of Order of U. S. Court of Appeals that motion for stay of injunction pending appeals is denied without prejudice, etc., filed. (Copy to Becker, J.) | |
| 45 " | 17 | Transcript of 8/13/76, filed. | |

Microfiche

DC-111A (Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | DEFENDANT | DOCKET NO. 74-1229 |
|---|---|---|
| | | PAGE ____ OF ____ PAGES |

| DATE | NR. | PROCEEDINGS |
|---|---|---|
| **1976** 46 Aug. | 26 | Plff's. motion to have transcript of notes of testimony and for payments of its costs to be made by the United States, memorandum of law and certification of service, filed. |
| (46) " | 30 | Motion Granted, filed.   entr. & cys. mailed 8/31/76 |
| 47 Sep. | 7 | Order that plffs. may appeal in forma pauperis and a copy of the transcripts shall be made available to them without costs, filed. entr. & cys. mailed 9/7/76 |
| 48 " | 7 | Transcript of 6/7/76, filed. |
| 49 " | 7 | Transcript of 6/8/76, filed. |
| 50 " | 7 | Transcript of 6/9/76, filed. |
| 51 " | 7 | Transcript of 6/21/76, filed. |
| Sep. **1977** | 20 | Record transmitted to U. S. Court of Appeals |
| 52 Apr. | 22 | Certified copy of Order of U. S. Court of Appeals that the judgment of this Court is REVERSED, etc., & Dismissing appeals, filed. |
| " | 22 | Record returned from U. S. Court of Appeals   (Copy to Becker,J.) |
| 53 May | 2 | Motion of Dennis McGoff, Greg. Aponiewicz, George Wood, Hubert Dixon, Thomas Tucker, Samuel L. David and Frank Metzger to intervene as party plffs., plff's. motion to hold defts. in contempt, cert. of service and notice of motion, filed. |
| 54 " | 5 | Order dtd. 5/4/77 that leave is GRANTED to Dennis McGoff, etal to intervene as parties plff., leave is GRANTED to defts. to file an amended motion to modify consent decree of 5/16/77; defts. shall file answer to plffs'. contempt motion by 5/16/77, etc., plffs. shall file response to defts' amended motion by 5/26/77, etc., the caption of the case shall be modified by the addition of Thos. Cavanaugh, Acting Supt., hearing shall be held on motions for contempt and for modification on 6/10/77 at 2:00 p.m., etc., filed. entr. & cys.mailed 5/6/77 |
| 55 May | 16 | Defts motion to vacate the consent decree of June 7, 1976 and amended motion to docify the consent decree of June 7, 1976, or the stipulation of June 4, 1974, Notice, certification, filed. |
| 56 " | 16 | Defts response in opposition to motion to hold defts in contempt, filed. |
| 57 " | 25 | Plff's. opposition to motion to vacate consent decree and opposition to amended motion to modify consent decree or stipulation, ........ certification of service, filed. |
| 58 " | 31 | Order that the Warden of Delaware County Prison and the U.S. Marshal produce the hearing of Dennis McGoff for hearing on 6/10/77 at 2:00 p.m., filed.   entr. & cys. mailed 6/1/77   EB |
| 59 " | 31 | Order that the Warden of Del. Co. Prison and the U.S. Marshal produce Frank Metzger for hearing on 6/10/77 at 2:00 p.m., filed.   EB (2 cc to Marshal) |
| 60 " | 31 | Order that the Warden of Del. Co. Prison and the U.S. Marshal produce Thomas Tucker for hearing on 6/10/77 at 2:00 p.m., filed EB (2 cc to Marshal) |
| 61 " | 31 | Order that the Warden of Del. Co. Prison and U.S. Marshal produce Samuel Turner for hearing on 6/10/77 at 2:00 p.m., filed.   EB (2 cc to Marshal) |
| 62 " | 31 | Order that the Warden of Del. Co. Prison and U.S. Marshal produce Daryl Jone for hearing on 6/10/77 at 2:00 p.m., filed.   EB |

CIVIL DOCKET CONTINUATION SHEET

*EB*                                                                                              Microfiche

| PLAINTIFF | | DEFENDANT | | DOCKET NO. 74-1229 |
|-----------|--|-----------|--|------|
| WILLIAMS | | FREY | | PAGE 3 OF ___ PAGES |

| DATE | NR. | PROCEEDINGS |
|------|-----|-------------|
| **1977** | | |
| 63 Jun | 2 | Appearance of Margaret A. Lenzi, Esq. for plffs., filed. |
| 64 " | 3 | Defts'. brief in support of motion to vacate Consent Decree of 6/7/76 , etc., certificate of service, filed. |
| 65 " | 3 | Plffs'. trial brief, and certification of service, filed. |
| 66 " | 13 | Hearing - witnesses sworn, 6/10/77, filed.                              EB |
| 67 " | 13 | Hearing resumes 6/13/77 - C.A.V., filed.                                 " |
| 68 " | 13 | Order dtd. 6/10/77 amending caption to substitute Thomas Rapone for Thomas Cavanaugh deft., filed.  entr. & cys. mailed 6/14/77    " |
| 69 " | 20 | Transcript of 6/10/77, filed. |
| 70 " | 20 | Motion of D. McGoff, for class determination, certification of service, filed. |
| 71 " | 23 | Transcript of 6/13/77, filed. |
| 72 " | 27 | Motion of Ronald S. Townes to intervene as party plff., certificate of service, filed. |
| 73 Jul | 15 | Plff's. proposed findings of fact and conclusions, of law, memorandum in support and certification of service, filed. |
| 74 " | 15 | Memorandum of law in support of deft's. motion to vacate the consent decree of 6/7/76, filed. |
| 75 " | 15 | Defts'. suggested conclusions of law, filed. |
| 76 " | 15 | Defts'. suggested findings of fact, filed. |
| **1978** | | |
| 77 Mar | 13 | Opinion Becker J. & Order dated 3/10/78 that defts' motion to vacate and/or to modify the consent decree is DENIED: Plffs' motion to hold defts' in contempt of court is DENIED; Two copies of the opinion shall be made available by the defts' at each of the following places at the Delaware County Prison: each Men's Cellblock, the Library and the Women's Prison, filed.<br>                     3/14/78 entered & copies mailed.          EB |
| 78 " | 24 | Defts' Rapone, Moser, Swartz, Jr., Rex, Brock & Gibbs, notice of appeal received 3/24/78 at 9:45 a.m., filed.<br>          3/27/78 copies to: Margaret A. Lenzi, R.G. Fishman, & R. Plotkin: |
| 79 " | 24 | Copy of clerk's notice to the U.S. Court of Appeals, filed. |
| 80 " | 31 | Plfts' notice of appeal received 3/31/78 at 10:30 A.M., and certificate of service, filed.<br>          4/3/78 copies to: Charles H. Hinkson, Esq., and Robert Plotkin,Esq.. |
| 81 " | 31 | Copy of Clerk's notice to U.S. Court of Appeals, filed. |
| 82 " | 31 | Plfts' opposition to defts' motion for stay pending appeal and opposition to defts' motion for interim stay,and certificate of service, filed. |
| 83 Apr | 3 | Defts' Motion for Stay Pending Appeal Alternative Motion for Interim Stay, Notice of, Memorandum of Law, Certificate of Service, filed. |
| 84 " | 3 | Defts' Motion to Sibstitute Official Defts., pursuant to F.R.C.P. 25(d), Notice of, Certificate of Service, filed. |
| 85 " | 6 | ORDER AMENDING the Court's Order of 3/14/78 etc., filed          EB<br>                4/6/78 ENTERED & COPIES MAILED |
| 86 " | 7 | Order that defts' motion for stay pending appeal of Court's 3/14/78 order etc. is DENIED & Providing that defts' file a motion for stay pending appeal with the U.S.C.A. within 10 days etc., filed.<br>                4/10/78 entered & copies mailed.          EB |

Microfiche

*(over)*          DC-111A (Rev. 1/75)

Microfiche

CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | DEFENDANT | |
|---|---|---|
| STANLEY | WALKER, WARDEN ET AL | DOCKET NO. 74-1229 |
| | | PAGE ____ OF ____ PAGES |

| DATE | NR. | PROCEEDINGS |
|---|---|---|
| 1978 April 7 | 7 | Order that William C. Kelly and the Reverend Jeane B. Williams be substituted as parties defendant in place of Sarah Brock and Philip I. Gibbs, filed. 4/10/78 entered & copies mailed. EB |
| 88 " | 12 | Plffs' memorandum of law in opposition to defts' motion for a stay, filed. |
| - " | 13 | Original record transmitted to U.S.C.A. (Papers # 5, 24, 25, 26, 82, not included) |
| 89 " | 13 | Appearance of Angus Love, Esq. as co-counsel for the plffs', filed. |
| -- " | 18 | 1st supplemental record transmitted to the U.S.C.A. |
| 90 May | 1 | Plff's motion for leave to proceed in forma pauperis & Affidavits thereof, filed. |
| 91 " | 30 | Order dated 5/26/78 that notice of the settlement and a copy of amended consent decree shall be posted conspicuously in each of the cell blocks of the Delaware County Prison, Thornton, Penna., by 5/27/78 and shall remain posted until 6/10/78; Objections to the approval by this Court of the amended Consent Decree shall be filed by 6/9/78 and a Hearing to consider same shall be held on 6/22/78 at 3:00 p.m. etc. filed. 5/30/78 entered & copies mailed. EB |
| 92 " | 31 | Letter to the Hon Becker received from Matthew S. Donaldson, Jr. re: newspaper advertisement, filed. |
| 93 " | 31 | Delaware County's class action settlement notice, filed. |
| 94 June | 23 | Proof of Publication of notice in Delaware County Daily Times of Patricia Coleman, filed. |
| 95 " | 23 | Hearing of 6/22/78; Class Action Settlement hearing, filed. |
| 96 July | 21 | Stipulation and Order dated 6-30-78 re: Class Certification, etc., filed. EB 7-21-78 entered and copies mailed. |
| 97 " | 21 | AMENDED CONSENT DECREE with Court Approval dated 7-18-78, filed. EB 7-21-78 entered and copies mailed. |
| 98 Aug | 7 | PLffs' motion to allow attorney's fees, Notice & Certificate, filed. |
| 99 " | 7 | Plffs' memorandum in support of its motion to allow attorney's fees, filed. |
| 100 " | 8 | Defts' memorandum in opposition ot plffs' motion for atty's fees, filed. |
| 101 " | 8 | Defts' response in opposition to plffs' motion to allow atty's fees, with cert. of service, filed. |
| 102 Sept. | 5 | Plfts' reply memorandum to defts' memorandum in opposition to plfts' motion for attorney's fees, filed. |
| 103 " | 14 | Defts' memorandum in opposition to plffs' reply memorandum & Certificate, filed. |
| 104 Oct | 6 | STIPULATION OF COUNSEL to amend pleading, filed. |
| 105 " | 6 | PLTFS' AMENDED MOTION TO allow attorneys' fees, supplemental affidavit of Richard G. Fishman in support thereof, filed. |
| 1979 | | |
| 106 Jan | 8 | STIPULATION AND ORDER DATED 1/08/79 THAT PLTFS' MOTION FOR ATTORNEY'S FEES HAS BEEN SETTLED FOR THE AMOUNT OF $10,000 & THAT SUCH MOTION SHALL BE DISMISSED WITH PREJUDICE, FILED. EB 1/08/79 entered and copies mailed. |
| --- Mar | 29 | ORIGINAL RECORD, EXHIBITS AND FIRST SUPPLEMENT RETURNED FROM USCA. |

Microfiche

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DENNIS McGOFF, GREG APONIEWICZ,       :
GEORGE WOOD, HUBERT DIXON, THOMAS     :       CIVIL ACTION
TUCKER, SAMUEL L. DAVIS, FRANK        :
METZGER and RONALD TOWNES             :
                                      :
           V.                         :
                                      :
THOMAS RAFONE, WILLIAM MOSER,         :
WALTER SWARTZ, JR., RICHARD REX,      :
WILLIAM C. KELLY and JEANE B.,        :       No. 74-1229
WILLIAMS                              :

## AMENDED CONSENT DECREE

This Decree embodies a settlement by and between the parties hereto of a dispute concerning contact visitation at the Delaware County Prison. This Decree is an amendment of a Consent Decree originally entered in this matter on June 7, 1976. This Amended Consent Decree is in three parts. Part I contains the Compromise Contact Visitation Schedule and Regulations. Part II contains an Affidavit which demonstrates that the residents of the Delaware County Prison, both sentenced and unsentenced, agree to the Schedule and Regulations in Part I, and further agree that the named Plaintiffs in this matter have fully and fairly represented them in the conduct and settlement of this litigation. Part III contains various procedural agreements by and between counsel.

## PART I

As of June 22, 1979, contact visitation at the Delaware County Prison shall be conducted as follows:

FILED

EXHIBIT
B
ALL-STATE LEGAL®

## CONTACT VISITATION SCHEDULE

| | Sentenced Inmates | Pretrial Detainees and Unsentenced Inmates |
|---|---|---|
| Tuesdays | | 6:00 - 9:00 P.M. |
| Thursdays | 6:00 - 9:00 P.M. | |
| Saturdays | 9:00 - 12:00 Noon | 1:00 - 4:00 P.M. |
| Sundays | 9:00 - 12:00 Noon | 1:00 - 4:00 P.M. |
| Holidays | 9:00 - 12:00 Noon | 1:00 - 4:00 P.M. |

Holidays - The following Holidays were recognized for contact visitations: 1) Martin Luther King's Birthday (January); 2) George Washington's Birthday (February); 3) Memorial Day (May); 4) Independence Day (July); 5) Labor Day (September); 6) Thanksgiving Day (November); and 7) Christmas Day (December).

## CONTACT VISITATION REGULATIONS

(a)  A maximum of three (3) visitors shall be permitted to visit a resident at one time.  Children under sixteen (16) years of age shall not be included in determining the number of visitors.

(b) Each resident shall be permitted a minimum of one (1) hour of contact visitation per visitation period.  In the event of uncrowded conditions, such minimum time shall be expanded.

(c)  All visitors shall be subject to a discretionary pat-down search and a mandatory electronic metal detection search before entering the visiting area.

(d) All visitors shall conduct themselves in a civil manner and shall respect the rights of other visitors and the residents of the Delaware County Prison to have an undisturbed contact visitation period.

(e) Any visitor who violates his right to contact visitation shall be denied that right for a maximum of six (6) months.  If

that visitor's opportunity for booth visits.

(f) If a visitor brings money to a resident for commissary, such money shall be in the form of a certified check or money order. The Delaware County Prison will not accept cash. Money is considered contraband within the Prison and it shall be a violation of these Regulations for a visitor to give money directly to a resident.

(g) No resident shall be denied his right to contact visitation as punishment or as a disciplinary measure, except for a serious violation of the contact visitation regulations. A serious violation shall occur whenever a resident receives contraband as a result of a contact visitation, or whenever a resident's actions during contact visitation endanger, in any way, personal safety, property, or the security of the Prison.

Any resident alleged by the Prison to have violated contact visitation regulations shall be given the normal disciplinary hearing within seventy-two (72) hours of the alleged violation. The normal disciplinary appeal procedures shall be available to the resident. In the event a resident is found to have engaged in a serious violation of the contact visitation regulations, the Prison may deny that resident his right to contact visitation for a maximum period of three (3) months. If such violation involves a criminal offense, however, such denial may be indefinite. The denial of a resident's right to contact visitation shall not affect that resident's opportunity for booth visits.

(h) Shift supervisors may terminate a resident's visit, for cause, at the time of a violation; however, such action must be reported by the Shift Supervisor to the Director of Uniformed Forces as promptly as reasonably possible and the Director shall

schedule the normal disciplinary hearing within seventy-two (72) hours of the alleged violation if disciplinary action is to follow.

(i) The Warden of the Delaware County Prison may, for reasons of security, deny a resident's right to contact visitation, without a hearing, for a maximum of three (3) contact visitation periods.

## PART II

As of May 15, 1978, the Plaintiffs in this matter who were incarcerated at Delaware County Prison are Dennis McGoff, Thomas Tucker and Frank Metzger. Mr. Tucker and Mr. Metzger testified at the hearing where the residents of the Delaware County Prison opposed the F.R.C.P. 60(b) Motion of the Prison Administration. On April 13, 1978, Mr. Tucker, Kenneth MacIntyre and Vernard Brown, all block representatives at the Prison, and Angus Love, Esquire, attorney for the residents, met with Thomas C. Rapone, Warden of the Delaware County Prison, and Matthew H. Donaldson, Jr., Esquire, attorney for the Delaware County Board of Prison Inspectors. As a result of that meeting, the Schedule and Regulations contained in Part I were found acceptable to both parties. Attached to this Amended Consent Decree as Exhibit "A" is an Affidavit signed by all block representatives as of May 15, 1978, at the Delaware County Prison to the effect that the Residents of the Delaware County Prison believe the named Plaintiffs have fairly represented them and further that the Residents accept the Compromise Contact Visitation Schedule and Regulations.

## PART III

Counsel for the parties make the following procedural agreements:

1.  The Compromise Schedule and Regulations shall remain

effective until the completion of the renovation program at the Delaware County Prison. At that time the residents reserve the right to negotiate for greater hours of visitation, a greater number of permitted visitors, and any other modification they consider in their best interests. At that time, the Prison administration shall be under no obligation to expand this compromise schedule; however, the Prison administration does agree that the number of hours or the number of days in the compromise schedule shall not be reduced.

2. This Amended Consent Decree shall replace the Consent Decree of June 7, 1976, and shall be considered the contractual document which resolves the dispute between the parties hereto.

3. The parties hereto agree that, for all further purposes in this litigation, there shall be a class of pretrial detainee plaintiffs and convicted plaintiffs. The parties request the Court to so certify such classes and to find that the named plaintiffs have fairly represented each such class in the conduct and settlement of this litigation. Allen Mannex shall be intervened in this matter as the class representative for the pretrial detainee plaintiffs.

4. The parties hereto agree that the cross-appeals of the parties hereto to the Court of Appeals for the Third Circuit from the Opinion and Order dated March 10, 1976, per Becker, J., may be dismissed pursuant to F.R.A.P. 42(a) in that neither of these appeals has been docketed. The parties request the Court to dismiss these cross-appeals pursuant to the authorization contained in this Stipulation.

5. The Interim Stay granted by Order, dated April 7, 1978, of Judge Edward R. Becker shall be considered by the parties hereto

03/31/2007 WED 14:33  FAX 6105589694 @MNCT Warden
@006/007

6. Plaintiffs release and forever discharge Defendants, past and present, from any and all liability arising out of a possible claim or claims that said Defendants should be held in Contempt of the Consent Decree of June 7, 1976. With regard to the Amended Consent Decree, Plaintiffs agree that Defendants may not be held in Contempt until after written notice of any alleged violation of the Amended Consent Decree and hearing thereon.

IN WITNESS WHEREOF, counsel has hereunto their hands and seals this 26th day of May, 1978.

Matthew J. Donaldson, Jr., Esq.,
Attorney for Delaware County
Board of Prison Inspectors

Angus Love, Esq., Attorney for
Plaintiff Residents of Delaware
County Prison

Approved by the Court:

Edward R. Becker, J.

Date: July 18, 1978

## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

DENNIS McGOFF, et. al.,                              :

                 Plaintiffs       :    No. 74-1229

       v.                                          :

THOMAS RAMPONE, et. al.                         :

              Defendants      :

## ORDER

AND NOW, this _____ day of _____, 2017, upon

consideration of Defendants' John Hosier, James Shields, William H. Clinger, III,

Thomas Danzi, and Edward T. Lawler, Jr., Esquire's Motion to Terminate the Amended

Consent Decree, and any response thereto, it is hereby ORDERED and DECREED that

the Motion is GRANTED and the Amended Consent Decree entered on July 21, 1978 is

hereby TERMINATED effective immediately.


BY THE COURT


_____

                                           J.

1